1
2
3
4
5
6
7
8

## UNITED STATES DISTRICT COURT

9

## SOUTHERN DISTRICT OF CALIFORNIA

10
11

LARRY JOHN LITTLE,

12

Petitioner,

13

vs.

14

D. K. SISTO, Warden, et al.,

15

Respondents.

Civil No.    08-1043  JM (PCL)

**ORDER DISMISSING CASE
WITHOUT PREJUDICE**

16   Petitioner, a state prisoner proceeding pro se, has filed a petition for writ of habeas corpus

17  under 28 U.S.C. § 2254.

18   **FAILURE TO SATISFY FILING FEE REQUIREMENT**

19   Petitioner has failed to pay the $5.00 filing fee and has failed to move to proceed in forma

20  pauperis.  This Court cannot proceed until Petitioner has either paid the $5.00 filing fee or

21  qualified to proceed in forma pauperis.  See Rule 3(a), 28 U.S.C. foll. § 2254.   If Petitioner

22  wishes to proceed with this case, he must submit, **no later than <u>August 25, 2008,</u>** a copy of this

23  Order with the $5.00 fee or with adequate proof of his inability to pay the fee.

24   **FAILURE TO ALLEGE EXHAUSTION**

25   **WITH RESPECT TO ALL CLAIMS IN THE PETITION**

26   The Petition is subject to dismissal because it contains both exhausted and unexhausted

27  claims.  The exhaustion requirement is satisfied by providing the state courts with a "fair

28  opportunity" to rule on Petitioner's constitutional claims.  <u>Anderson v. Harless</u>, 459 U.S. 4, 6

1    (1982).  In most instances, a claim is exhausted once it is presented to a state's highest court,

2    either on direct appeal or through state collateral proceedings.[1]  See Sandgathe v. Maass, 314

3    F.3d 371, 376 (9th Cir. 2002).  The constitutional claim raised in the federal proceedings must

4    be the same as that raised in the state proceedings.  See Anderson, 459 U.S. at 6.

5        Here, Petitioner acknowledges that he has not raised the federal aspect of instructional

6    error claims, or  his ineffective assistance of appellate counsel claim in the California Supreme

7    Court.  (See Mem. in Supp. of Pet. at 96-97, 100-01, 110-11, 114-15.)  Therefore, these claims

8    appears to be unexhausted.

## PETITIONER'S OPTIONS

9

10    Because Petitioner has failed to allege exhaustion of state court remedies with respect to

11    all the issues raised in his federal Petition, the Petition is subject to dismissal without prejudice.

12    The Court outlines Petitioner's options as follows:

13        **i)  First Option:  Demonstrate Exhaustion**

14        Petitioner may file further papers with this Court to demonstrate that he has in fact

15    exhausted the claims the Court has determined are likely unexhausted.  If Petitioner chooses this

16    option, his papers are due no later than **August 25. 2008**.

17        **ii)  Second Option:  Voluntarily Dismiss the Petition**

18        Petitioner may move to voluntarily dismiss his entire federal petition and return to state

19    court to exhaust his unexhausted claims.  Petitioner may then file a new federal petition

20    containing only exhausted claims.  See Rose v. Lundy, 455 U.S. 509, 510, 520-21 (1982) (stating

21    that a petitioner who files a mixed petition may dismiss his petition to "return[] to state court to

22    exhaust his claims").  If Petitioner chooses this second option, he must file a pleading with this

23    Court no later than **August 25, 2008**.

24    / / /

25

---

[1]  28 U.S.C. § 2254 (b)(1)-(2) states:
  (b) (1)  An application for a writ of habeas corpus on behalf of a person in custody pursuant to the
  judgment of a State court shall not be granted unless it appears that -
        (A) the applicant has exhausted the remedies available in the courts of the State; or
        (B)(i) there is an absence of available State corrective process; or (ii) circumstances exist that
        render such process ineffective to protect the rights of the applicant.
    (2) An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure
  of the applicant to exhaust the remedies available in the courts of the State.

1    Petitioner is cautioned that any new federal petition must be filed before expiration of the

2  one-year statute of limitations.  Ordinarily, a petitioner has one year from when his conviction

3  became final to file his federal petition, unless he can show that statutory or equitable "tolling"

4  applies.  Duncan v. Walker, 533 U.S. 167, 176 (2001); 28 U.S.C. § 2244(d).[2]  Filing a petition

5  in federal court does not stop the statute of limitations from running.  Id. at 181-82; Frye v.

6  Hickman, 273 F.3d 1144, 1145-46 (9th Cir. 2001); 28 U.S.C. § 2244(d).

7    **iii)  Third Option:  Formally Abandon Unexhausted Claims**

8    Petitioner may formally abandon his unexhausted claims and proceed with his exhausted

9  ones.  See Rose, 455 U.S. at 510, 520-21 (stating that a petitioner who files a mixed petition may

10  "resubmit[] the habeas petition to present only exhausted claims").  If Petitioner chooses this

11  third option, he must file a pleading with this Court no later than **August 25, 2008**.

12    Petitioner is cautioned that once he abandons his unexhausted claims, he may lose the

13  ability to ever raise them in federal court.  See Slack v. McDaniel, 529 U.S. 473, 488 (2000)

14  (stating that a court's ruling on the merits of claims presented in a first § 2254 petition renders

15  any later petition successive); see also 28 U.S.C. § 2244 (a)-(b).[3]

16  _____

17   [2]  28 U.S.C. § 2244 (d) provides:
   (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in

18  custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
       (A) the date on which the judgment became final by the conclusion of direct review or the

19  expiration of the time for seeking such review;
       (B) the date on which the impediment to filing an application created by State action in violation

20  of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by
   such State action;

21       (C) the date on which the constitutional right asserted was initially recognized by the Supreme
   Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to

22  cases on collateral review; or
       (D) the date on which the factual predicate of the claim or claims presented could have been

23  discovered through the exercise of due diligence.
   (2) The time during which a properly filed application for State post-conviction or other collateral review

24  with respect to the pertinent judgement or claim is pending shall not be counted toward any period of
   limitation under this subsection.

25   [3]  28 U.S.C. § 2244(b)(2) provides that a claim presented in a second or successive habeas corpus application under

26  § 2254 shall be dismissed unless:
   (A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases

27  on collateral review by the Supreme Court, that was previously unavailable; or
   (B) (i) the factual predicate for the claim could not have been discovered previously through the exercise

28  of due diligence; and
   (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be
   sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable
   factfinder would have found the applicant guilty of the underlying offense.

**iv) Fourth Option: File a Motion to Stay the Federal Proceedings**

Petitioner may move to dismiss his unexhausted claims without prejudice and stay this federal proceeding while he returns to state court to exhaust his unexhausted claims.  Calderon v. U.S. Dist. Ct. for the N. Dist. of Cal., 134 F.3d 981, 986-88 (9th Cir. 1998); Valerio v. Crawford, 306 F.3d. 742, 770-71 (9th Cir. 2002) (en banc).  If Petitioner chooses this fourth option, he must file a pleading with this Court no later than **August 25, 2008**.

## CONCLUSION

Based on the foregoing, the Court **DISMISSES** the Petition without prejudice because Petitioner has failed to: (1) satisfy the filing fee requirement, and (2) allege exhaustion of state judicial remedies with respect to all claims raised in the Petition.  If Petitioner wishes to proceed with this case, he must, **no later than August 25, 2008**: (1) either pay the $5.00 filing fee or submit a copy of this Order with adequate proof of his inability to pay the filing, **and** (2) choose one of the options set forth above by submitting either a  *"Supplemental Memorandum Demonstrating Exhaustion*, a*"Motion to Dismiss Habeas Corpus Petition in Order to Exhaust State Court Remedies*," a" a *"Formal Declaration of Abandonment of Unexhausted Claims"* or a *"Motion to Stay the Proceedings*."  If Petitioner fails to respond to this Order, the case will remain dismissed without prejudice.

*For Petitioner's convenience, the Clerk of Court shall attach to this Order, a blank motion to proceed in forma pauperis form and blank First Amended Petition form*.

**IT IS SO ORDERED.**

DATED:  June 27, 2008

_____
Hon. Jeffrey T. Miller
United States District Judge