Larry John Little Jr.
P-82205, 8-211-U CSP-Solano
P.O. Box 4000
Vacaville, Ca. 95696
IN PRO SE

FILED

2008 AUG -8 PM 12: 28

CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY _____ DEPUTY

NUNC PRO TUNC
AUG - 4 2008

## IN THE UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| LARRY JOHN LITTLE JR.,<br>            Petitioner | ) ) ) ) ) ) ) | CASE No: 08-1043 JM (PCL) |
| V. | ) ) ) ) | MOTION FOR STAY AND ABEYANCE<br>WHILE PETITIONER SEEKS<br>EXHAUSTION OF UNEXHAUSTED<br>CLAIMS |
| D. K. SISTO, (Warden),<br>            RESPONDENT | ) ) ) ) | |

To the Court, and Respondent, please take notice that

Larry John Little Jr, petitioner, an incarcerated, indigent

litigant in the above entitled action moves the court for an

Order to stay and abeyance to the filed Writ of Habeas corpus

while petitioner seeks exhaustion in the California Supreme

Court of potential exhausted claim of Instructional errors.

On January 24, 2008, petitioner's court appointed Appellate

council Athena Shudde filed a Petition for Review case

Number S 160332 in, the California Supreme Court on the issue

of Ineffective assistance of trial counsel.

Appellate council failed to notify petitioner and let him know that his petition was denied in the previous court of Appeal Fourth Appellate District Division One before she refiled in the California Supreme court. The remaining instructional errors (1)Ineffective assistance of appellate council (2) The misAppl--cation of the  applicability of CALJIC 3.37 were a deffendant has a physical impairment (3) The failure to instruct the jury persuant to CALJIC 3.37 (4)The erroneous instruction on voluntary manslaughter.) were all part of the Petition for writ of habeas corpus with the ineffective assistance of council claim filed in the court of Appeal Fourth District Division One petitioners Appellate counsel did not file the instructional errors in the California Supreme Court with the ineffective assistance of council claim. Petitioner mailed the instructional issues to the California Supreme Court on Febuary 15, 2008 in the form of "Supplement to Petition" petitioner then received a

Letter from the Supreme Court of California on Febuary 21, 2008 stating RE: S160332- returned unfiled is your "Suppliment to Petition".Petitioner with due diligence and a minimum of time did all he could do to try to exhaust his issues in California"s highest court.

On January 24, 2008 Petitioner's court appointed Appella--te counsel Athena Shudde filed a petition for Writ of Habeas Corpus in the California Supreme Court on a claim of Ineffective assistance of trial counsel. On March 20, 2008 court appointed appellate counsel sent petitioner a letter Via institutional legal mail informing petitioner that petition for review was denied March 12, 2008 but the actual date of denied petition

2

for review would be determined by the remittur, which she
had not yet received. Petitioner's appointed appellate counsel
advised petitioner to file a writ of habeas corpus in the
Federal court. On June 8, 2008 Petitioner, Larry John Little
Jr. IN PRO SE mailed a petition for Writ of Habeas corpus
to the U.S. District Court Southern District of California.
On July 3, 2008 Petitioner received institutional Legal mail
from the U.S. District Court Southern District of California
in form of an Order Dismissing Case with out Prejudice Case
No: 08-1043 JM (PCL), on petitioner's petition for Writ of
Habeas Corpus. With respect court gave petitioner four options
i) First Option: Demonstrate Exhaustion, ii) Second Option:
Voluntarily Dismiss the Petition, iii) Third Option: Formally
Abandon Unexhausted Claims, and iv) Fourth Option: File a Motion
to Stay the Federal Proceedings.

Petitioner seeks to have the Court hold his Petition
for Writ of Habeas Corpus in abeyance while Petitioner seeks
exhaustion of the Federal aspect of his instructional error
claims, and his ineffective assistance of appellate counsel
claim in the California Supreme Court to preclude any possible
statute of limitations violation under the "Antiterrorism
and Effective Death Penalty Act of 1996".

## AUTHORITY

In the case of Rhines V. Weber, 124 S.Ct. 1582 (2005),
the United States Supreme Court found that in limited circumstan-
ces it is proper for the District Court to stay and abeyance
as alternative to dismiss a federal habeas petition where
the petitioner faces loss of any meaningful litigation of

his claim due to the AEDPA statute of limitations. See e.g.,
Kelly V. Small, 315 F.3d 1063 (9th Cir. 2003). In Freeman
V. Page, 208 F.3d 572 (7th Cir. 2000) quoting Post V. Gilmore,
111 F.3d 556 (7th Cir. 1977) shows that dismissal is not proper
when that step could jeopardize the timeliness of a collateral
attack. See also e.g., Deakins V. Monaghan, 484 U.S. 193,
202-04, 108 S.Ct. 523, 98 L.Ed.2d 529 (1988). "This ruling
is consistent with the decisions of several of our sister
circuits. Nowaczyk V. Warden, N.H. State Prison, 299 F.3d
69, 79 (1st Cir. 2002) (recognizing the "growing consensus
that a stay is required when dismissal could jeopardize the
petitioner's ability to obtain federal review".) (emphasis
in original); Zarvela V. Artuz, 254 F.3d 374, 380-83 (2d Cir.
2001) holding that "[A]lthough a district court would generally
have discretion whether to stay the exhausted claims of a
mixed petition or dismiss the entire petition, outright dismissal
was not appropriate for Zarvela because, with so little time
remaining on his statutory one yearlimitation period, a complete
dismissal jeopardize[d] the timelines of collateral attack.")
(quoting Freedom V. Page, 208 F.3d 572, 577 (7th Cir. 2000);
Newell V. Hanks, 283 F.3d 827. 834-35 (7th Cir 2000)(accord).
Brambles 2003 DJAR 10046 (9th Cir. Sept. 4, 20003).

Petitioner is mindful that the above citations deal
with the timeliness issue once a petitioner has had his claims
dismissed by the district court without prejudice so that a petitioner
could return to the California Supreme court to exhaust his
previously unexhausted claim. then upon returning to the dis-
-strict court his habeas petition was dismissed as time barred

4

due to the one year statute of limitations under AEDPA.

petitioner suggests the same principal apply to the case at

bar.

### BACKGROUND

Petitioner is illegally confined by respondent by virtue

of judgment of Superior Court of San Diego County imposed

June 8, 2000, following a jury trial for his conviction of

(pen. code ;187, subd.(a) of Edward Rabatore and alleged he

had used a deadly or dangerous weapon, a knife, in comitting

the offense (pen. code :12022, subd.(b) (1).(CT1) the information

further alleged petitioner had served two prior prison terms.

(CT.2) Petitioner pled not guilty and denied the allegations

On April 24, 2000, a jury trial commenced on the matter.

On May 3, 2000, the jury returned a verdict of murder and

fixing the degree as second, the court sentenced petitioner

to prison for an indeterminate term of fifteen years to life

,the court imposed a consecutive one year term for the knife

enhancement, and a consecutive one year term for each of the

two prior terms.

Petitioner's council filed the opening brief on his direct

appeal on June 15, 2000. The court of Appeal Fourth District

Division One, on October 10, 2001, in an un-published opinion

affirmed the judgment case No:D035850. Petitioner's counsel

on direct appeal filed a timely petition for review (S102149)

on November 16, 2001; The petition was denied on December 19,

2001: On December 10, 2002, petitioner filed a petition for

writ of habeas corpus in the San Diego Superior Court. (No:EHC388

.) He alleged, that he recieved ineffective assistance of trial

5

counsel, ineffective assistance of appellate counsel, The miss-
_application of the applicability of CALJIC 3.37 were a defen-
-dant has a physical impairment, The failure to instruct the jury
persuant to CALJIC 3.37, and the erroneous instruction on voluntary
manslaughter.)

ON February 19,2003, the Superior Court issued an
Order to Show Cause. On August 26, 2004, the habeas corpus
petition was denied. On November 3, 2005, petitioner filed
the same petition for writ of habeas corpus with all of the
same issues all over again in the court of appeal Fourth District
Division One. On August 3, 2006, the court issued an Order to Show
Cause: On January 15, 2008, the petition was denied. On January
24, 2008, Petitioner's counsel filed a petition for Review
in the California Supreme Court on ineffective assistace of
counsel claims.

Petitioner contends that upon the California Supreme
Courts denial of the petition for review the clock starts run-
-ing on the statute of limitations under the AEDPA, which gives
petitioner one year to present his alleged deprivation of a
federal right, A conviction becomes final for purpose of the
AEDPA statute of limitations at the expiration of the ninety
day period for seeking certiorari. Bowen V. Roe, 188 F.3d 1157,
1158-59 (9th Cir. 1999) ('hold[ing] that the period of 'direct'
review' in 28 U.S.C. § 2244 (d)(1)(A) includes the (ninety-
day] period within which a petitioner can file a petition for
writ of certiorari from the United States Supreme Court,
whether or not the petitioner actually files such a petition.")
Starting the clock in the present case on March 19, 2002;

Petitioner then filed his petition for writ of habeas corpus in the State Superior Court on December 10, 2002, which time was tolled during all state proceedings till whenever the remittur from the denial in the California Supreme Court came out in March or April of 2008; Petitioner has not recived the remittur from the California Supreme Court. If petitioner goes by the Supreme Court filed denial date of March 12, 2008, this giving petitioner an effective filing date of June 21, 2008, to file his federal habeas petition in this court, which he did with the present petition at the filing of the petition for writ of habeas corpus, and this motion to stay and abeyance. This expiring a total of 354 days (as of June 8, 2008) of the one year under the AEDPA statute of limitation.

The court determined that claim presented within thr instant petition is unexhausted for the purpose of 28 U.S.C. § 2254 (b)(1), petitioner will be time barred upon returning to this court after attempting to exhaust if the Supreme Court of California takes longer than eleven (11) days to reach it's determination if this court does not grant petitioner's motion to stay and abeyance.

WEREFORE, Larry John Little Jr. Petitioner, respectfully requests this court to:

1.    Grant petitioner's motion to stay all proceedings, and hold the current habeas action in abeyance while petitioner seeks exhaustion in the California Supreme Court of any claim deemed unexhausted by this court;

7

2.    Set a briefing schedule for the filing of any habeas petition seeking exhaustion in the Supreme Court of California, and a filing deadline for the filing of any amended federal habeas petition once petitioner has received a determination by the California Supreme Court.


Dated July 31 ,2008

Respectfully submitted


Larry John Litttle Jr.
PETITIONER
IN PRO SE

<u>DECLARATION AND PROOF OF SERVICE BY MAIL</u>

I, <u>Larry Little Jr.</u>, declare under the penalty of perjury that I am over the age of 18 years, (    ) and not a party, or ( ✓ ) am a party to this action, and reside in Solano County, at P.O. Box 4000, Cell # <u>8-211ᵘ</u>) Vacaville, California. 95696-4000.

That on <u>July</u>, <u>31</u>, 200<u>8</u>. I submitted to custody officials for inspection, sealing and depositing in the United States Mail, consistent with the "Mailbox Rule"; Houston v. Lack, 487 U.S. 266, 108 S.Ct. 2379, 101 L.Ed.2d 245 (1988) at the California State Prison-Solano, Vacaville, California. 95696-4000 a copy of the attached hereof: Motion for Stay and abeyance while petitioner seeks exhaustion of unexhausted claims, A copy of order Dismissing case without prejudice in the U.S. Southern District court of california, A copy of motion to proceed In forma pauperis civil No: 08-1043 JM (PCL) and a Letter to the U.S. Southern District court.

in a fully prepaid envelope, addressed to:   U.S. District court
Southern Distrit of califonia
Office of the clerk
880 Front Street, Suite 4290
San Diego, California 92101-8900

I declare under the penalty of perjury that the foregoing is true and correct. This declaration was executed on this <u>July</u>, <u>31</u>, 200<u>8</u>, at CSP-Solano, Vacaville, California. 95696-4000.

*Larry John Little Jr.*
DECLARANT