IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LARRY JOHN LITTLE, JR., | Case No. 08cv1043 JTM (PCL) |
| Petitioner, | **REPORT AND RECOMMENDATION ON MOTION FOR STAY AND ABEYANCE** |
| v. | |
| D. K. SISTO, Warden, | |
| Respondent. | **(Doc. No. 10)** |

**I.**

**INTRODUCTION**

Petitioner Larry Little ("Petitioner"), a state prisoner proceeding *pro se* and *in forma pauperis*, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. (Doc. No. 1.) On August 8, 2008, Petitioner filed a Motion for Stay and Abeyance in order to return to state court to exhaust five of the claims set forth in his original Petition. (Doc. No. 10.) On September 26, 2008, Respondent filed an Opposition. (Doc. No. 12.) Petitioner replied to this Opposition on October 27, 2008. (Doc. No. 14.) After a review of the moving papers, the opposition and all supporting documents, the Court recommends that the Motion for Stay and Abeyance be DENIED.

/ /

/ /

/ /

/ /

## II.

## BACKGROUND

Petitioner was convicted on May 3, 2000 and sentenced to a term of fifteen years to life. (Doc. No. 1 Pet. at 1.) The California Court of Appeal affirmed the judgment on October 10, 2001. (Doc. No. 1 Pet. at 20.) On December 19, 2001, the California Supreme Court denied his Petition for Review. (Doc. No. 12 Opp. at 3.)

On December 27, 2002, Petitioner filed a Petition for Writ of Habeas Corpus in the California Superior Court. (Id.) Following a hearing on an Order to Show Cause, the Superior Court denied the petition on August 26, 2004. (Id.) Petitioner then filed his Petition in the Court of Appeal on November 3, 2005. (Doc. No. 1 Pet. at 21.) The court ordered Petitioner to file a supplemental petition and also ordered appointment of counsel. (Doc. No. 12 Opp. at 3.) On January 16, 2008, the Court of Appeal denied the Petition in a reasoned opinion. (Id.)

Shortly thereafter, on January 24, 2008, Petitioner's appointed appellate counsel filed a Petition for Review in the California Supreme Court. (Doc. No. 1 Pet. at 22.) That Petition contained a single claim of ineffective assistance of counsel at trial. (Doc. No. 12 Opp. at 3.) However, on February 15, 2008, Petitioner submitted a "Supplement to Petition" in an attempt to add an additional five claims to his pending petition. (Doc. No. 10 Motion at 2.) The California Supreme Court returned this "Supplement" to Petitioner, unfiled, via letter dated February 21, 2008. (Doc. No. 14 Ex. C.) The California Supreme Court ultimately denied the petition on March 12, 2008. (Lodgment 2.)

Three months later, Petitioner filed the instant federal Petition on June 12, 2008. (Doc. No. 1.) On June 27, 2008, the Court issued an Order Dismissing Case Without Prejudice for failure to pay the filing fee. (Doc. No. 5.) In this Order, the Court noted Petitioner did not allege exhaustion of claims 4, 5, 6, 7 and 8 in his Petition and outlined four options available to Petitioner. (Id. at 1-4.) Petitioner was ordered to respond to the Court's Order by August 25, 2008. (Id. at 4.) In response, Petitioner filed a "Motion for Stay and Abeyance While Petitioner Seeks Exhaustion of Unexhausted Claims." (Doc. No. 10.) Respondent filed an Opposition on September 26, 2008 (Doc. No 12.), and Petitioner replied on October 27, 2008. (Doc. No. 14.)

Petitioner concedes, and this Court acknowledges, only five of eight claims are currently unexhausted.[1] Petitioner's unexhausted claims are based on ineffective assistance of appellate counsel (Claim 4); improper shifting of the burden of proof in jury instructions (Claim 5); and improper lightening of the burden of proof, conviction on less than proof beyond a reasonable doubt, and the failure to instruct the jury on involuntary manslaughter or the effect of his physical impairment (Claims 6, 7 & 8). (Doc. No. 1 Pet. at 7-9.)

### III.

### DISCUSSION

**A.   Statute of Limitations**

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a state prisoner seeking habeas relief from a federal court must comply with the one-year statute of limitations set forth in 28 U.S.C. § 2244(d)(1). The one-year limitations period begins to run from the latest of four possible dates outlined in sections 2244(d)(1)(A) through (D).[2] In this

---

1.  The exhaustion of available state remedies is a prerequisite to a federal court's consideration of claims presented in a habeas corpus proceeding. 28 U.S.C.A. § 2254(b) (West 2008); Rose v. Lundy, 455 U.S. 509, 522 (1982). In Rose v. Lundy, the Supreme Court held "a district court must dismiss habeas petitions containing both unexhausted and exhausted claims." Id. A preliminary review of Petitioner's claims reveals that although Petitioner's Petition for Writ of Habeas Corpus filed in the California Supreme Court (Lodgment 3) details only one claim, that claim is based on ineffective assistance of trial counsel and in the current Petition, claims one through three are based on varying facets of this claim. Therefore, Claims one, two and three of the instant petition are considered exhausted.

2. As amended by section 101 of AEDPA, 28 U.S.C. § 2244 now provides in pertinent part: (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
   (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
   (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
   (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
   (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

case, the facts presented indicate section 2244(d)(1)(A) applies, meaning the one-year limitations period began to run against Petitioner from "the date on which the judgment became final by the conclusion of direct review." 28 U.S.C. 2244(d)(1)(A). On October 10, 2001, the California Court of Appeal affirmed petitioner's conviction on direct appeal. (Doc. No. 1 Pet. at 2.) Petitioner then filed a Petition for Review with the California Supreme Court which was denied on December 19, 2001. (Id.) Pursuant to the Ninth Circuit's decision in Bowen v. Roe, 188 F.3d 1157, 1159 (9th Cir. 1999), the one-year limitation period began to run ninety days later on March 19, 2002, when the judgment became final. Unless tolled, the limitations period would have then expired one year later on March 19, 2003. However, Petitioner then filed a Petition for Writ of Habeas Corpus in state court on December 27, 2002. (Lodgment 1.) Petitioner is entitled to statutory tolling for the period of time while a properly filed application for post-conviction or other collateral review is pending. 28 U.S.C. 2244(d)(2). The conclusion of Petitioner's collateral review in state court is the California Supreme Court's denial of the Petition on March 12, 2008. (Lodgment 2.)

Thereafter, Petitioner filed his federal Petition on June 12, 2008. It should be noted that 278 days elapsed between the date the judgment became final in state court and the date Petitioner filed his Petition in state court. Moreover, a further 90 days elapsed between the conclusion of the collateral review in state court and the filing of Petitioner's federal petition in this Court. In other words, the information before the Court suggests petitioner essentially has no time, if any, remaining under the one-year statute of limitations period imposed by section 2244(d), unless he is entitled to tolling. In sum, petitioner is seeking a stay because he could be barred from having his claims considered on the merits if his Petition is dismissed pursuant to Rose v. Lundy, 455 U.S. 509, 522 (1982).

**B.    Petitioner's Motion to Stay and Abey**

There are two approaches for analyzing a "stay and abeyance" motion, depending on whether the petition is mixed or fully exhausted. See Jackson v. Roe, 425 F.3d 654, 661 (9th Cir. 2005). If the petition currently on file is fully exhausted, and what petitioner seeks is a "stay and abeyance" order to exhaust claims not raised in the current federal petition, the approach set out

in Kelly v. Small, 315 F.3d 1063 (9th Cir. 2003), applies. See Jackson, 425 F.3d at 661. If, however, the petitioner seeks a "stay and abeyance" order as to a mixed petition containing both exhausted and unexhausted claims, the request is analyzed under the standard announced by the Supreme Court in Rhines v. Weber, 544 U.S. 269 (2005). See Jackson, 425 F.3d at 661. If a district court is presented with a mixed petition and determines that the stay-and-abeyance procedure is inappropriate, the court should allow the petitioner to delete the unexhausted claims if dismissal of the entire petition would unreasonably impair the petitioner's right to obtain federal relief. Lundy, 455 U.S. at 522. Under the stay-and-abeyance procedure, rather than dismiss the mixed petition pursuant to Lundy, a district court may stay the petition and hold it in abeyance while the petitioner returns to state court to exhaust the previously unexhausted claims. See Rhines, 544 U.S. at 277-78. Once the petitioner exhausts his state remedies, the district court will lift the stay and allow the petitioner to proceed in federal court. See id. Because the Petition in this case is a mixed Petition, Rhines applies.

In Rhines v. Weber, the Supreme Court held that district courts have limited discretion to hold in abeyance a mixed habeas petition, that is, one containing both exhausted and unexhausted claims, in order to permit a petitioner to return to state court to exhaust additional claims while the federal proceedings are stayed. Rhines, 544 U.S. at 277. The Supreme Court concluded that the "stay and abeyance" procedure should only be available in limited circumstances, when the district court determines: 1) there is good cause for the petitioner's failure to exhaust his claims first in state court; 2) the unexhausted claims are not meritless; and 3) the petitioner has acted with reasonable diligence to exhaust the unexhausted claims. Id. at 277-78.

The Supreme Court in Rhines did not define "good cause." Id. at 276. The Ninth Circuit has endorsed a lenient standard in Jackson v. Roe, holding the "good cause" standard to be less stringent than the "extraordinary circumstances" standard applied to equitable tolling of AEDPA's one-year statute of limitations. See Jackson v. Roe, 425 F.3d 654, 661-62 (2005). However, the Ninth Circuit has not provided additional clarification as to the meaning of "good cause." District courts have taken varying approaches. One such district court concluded that the

good cause standard for failure to exhaust "should not be so strict a standard as to require a showing of some extreme and unusual event beyond the control of the defendant." Riner v. Crawford, 415 F. Supp.2d 1207, 1210 (D. Nev. 2006).  The Riner court held that the petitioner must show that he was "prevented from raising the claim, either by his own ignorance or confusion about the law or the status of his case, or by circumstances over which he had little or no control . . . " Id. at 1211. Other district courts in the Ninth Circuit have analogized "good cause" to the cause required to overcome a procedural bar. See Johnson v. Sullivan, 2006 WL 37037 (C.D. Cal. 2005). In this context, "cause" would mean some objective factor external to the petitioner which gave rise to the default. See id. at 3.

Petitioner states the unexhausted claims were "part of the original writ of habeas corpus filed in the superior court and the state appellate court." (Doc. No. 14 Reply at 5.)  Petitioner's main reason for the delay in filing his unexhausted claims in state court is the fact that his court-appointed appellate counsel failed to include all claims in his Petition in the California Supreme Court and instead included only one claim.  (Id. at 6.)  Petitioner also submits that "with a minimum of time Petitioner had to put the original habeas petition in the format of a supplement to petition and mail it to the California Supreme Court."  (Id.)  In essence, Petitioner is arguing that he was diligent in his attempt to file a "supplement" to the pending habeas petition himself in order to fully exhaust his claims.

In a decision issued shortly after Rhines, the Supreme Court in dicta addressed one circumstance which would qualify as "good cause" for failing to exhaust state court remedies before a federal petition is filed.  In Pace v. DiGuglielmo, 125 S.Ct. 1807, 1810-1811 (2005), the Supreme Court resolved a split among the circuits as to the application of section 2244(d)(2), which tolls AEDPA's one-year statute of limitations while a "properly filed application for State post-conviction or other collateral review" is pending.  28 U.S.C. 2244(d)(2).  In Pace, the Supreme Court held an application for state post-conviction relief is not "properly filed" for purposes of section 2244(d)(2) if it is considered untimely under state law.  Pace, 125 S.Ct. at 1810.  In reaching its decision, the Supreme Court addressed a fairness argument by the petitioner who claimed a "petitioner trying in good faith to exhaust state remedies may litigate in

state court for years only to find out at the end that he was never 'properly filed,' and thus that his federal habeas petition is time barred." Id. at 1813 (quoting Brief for Pet'r, at 30). Citing its prior decision in Rhines, the Supreme Court responded to the petitioner's argument as follows: "A prisoner seeking state post-conviction relief might avoid this predicament, however, by filing a 'protective' petition in federal court and asking the federal court to stay and abey the federal habeas proceedings until state remedies are exhausted. A petitioner's reasonable confusion about whether a state filing would be timely will ordinarily constitute 'good cause' for him to file in federal court" before his state court remedies are completely exhausted. Id.

Petitioner contends he received a letter from counsel dated January 23, 2008 and from this letter he learned he had unexhausted claims. (Doc. No. 14 Reply at 6.) He then attempted to file a supplement to his pending habeas petition in the California Supreme Court. (Id.) The letter from the Supreme Court of California rejecting his "supplement" is dated February 21, 2008. (Id. Ex. C.) Therefore, it can be assumed that Petitioner had knowledge of the fact that he had unexhausted claims prior to the California Supreme Court's decision date of March 12, 2008. However, in his motion, Petitioner offers no explanation for his failure to file a successive Petition in the California Supreme Court within a reasonable amount of time following the denial of his first habeas Petition. Petitioner knew that only his ineffective assistance of trial counsel claim was exhausted and waited until August 12, 2008 to file a successive Petition in the California Supreme Court in an attempt to exhaust the remaining claims.[3/] Petitioner does not assert that his failure to exhaust was due to his own ignorance or confusion about the law, or circumstances over which he had no control. The only circumstance Petitioner mentions for the delay is an "institutional lock-down from March to June." (Doc. No. 14 Reply at 6.) However, Petitioner makes no specific allegations explaining how the conditions of this "lock-down"

---

3. Although Petitioner filed the instant Petition in this Court on June 12, 2008, Petitioner is not entitled to any tolling for the period of time during which a habeas petition is pending in federal court. Duncan v. Walker, 533 U.S. 167, 181-82 (2001); Frye v. Hickman, 273 F.3d 1144, 1145-46 (9th Cir. 2001); 28 U.S.C. 2244(d). Moreover, Petitioner is not entitled to any "gap tolling" for the period of time between the filing of his first habeas petition in the California Supreme Court and the time he filed the second petition in August of 2008. Delhomme v. Ramirez, 340 F.3d 817, 820 (9th Cir. 2003).

prohibited him from preparing his petition and effectively precluded him from filing it. Petitioner's claim with respect to an institutional "lock-down" is only relevant to the extent it prevented him from filing his Petition on time by, for example, limiting his access to legal materials.[4] For this reason, Petitioner falls short of meeting his burden of demonstrating that his is an ordinary circumstance that merits a stay of the current proceedings.

A review of current precedent affirms this reasoning. District courts interpreting the Supreme Court's "good cause" standard have taken markedly different approaches. Despite the Ninth Circuit's endorsement of a lenient standard in Jackson v. Roe, some district courts in the Ninth Circuit have applied a more stringent standard, finding "it appropriate to look to procedural default case law for guidance in determining whether petitioner has demonstrated the requisite 'good cause' for failing to exhaust . . . unexhausted claims prior to filing [a federal] habeas action." Hernandez v. Sullivan, 397 F.Supp.2d 1205, 1207 (C.D. Cal. 2005). For example, in Johnson v. Sullivan, No. CV04-7923ABC(MLG), 2006 WL 37037 (C.D. Cal. Jan. 4, 2006), petitioner argued he had "good cause" for his failure to exhaust because his appellate counsel was ineffective on direct appeal and because he did not know the claim was unexhausted when he filed his federal petition. Id. at 2. The district court concluded "the good cause standard for failure to exhaust may be analogized to the 'cause' required to overcome a procedural bar." Id. at 3. In the procedural default context, "'cause' usually means some objective factor external to the petitioner which gave rise to the default." Id. at 3. Under this more stringent standard, the district court concluded an error by appellate counsel on a discretionary appeal was not enough to establish good cause because "counsel's conduct did not prevent petitioner from seeking state habeas relief on the unexhausted claim." Id. The district court also concluded the petitioner's lack of knowledge was "not an objective factor external to petitioner which prevented compliance with the exhaustion requirement." Id. To justify its

---

4. See Hizbullahankhamon v. Walker, 105 F. Supp. 2d 339, 344-45 (S.D.N.Y. 2000) (holding that solitary confinement does not qualify as extraordinary circumstance justifying equitable tolling), aff'd, 255 F.3d 65, 75 (2d Cir. 2001).

reliance on a more stringent standard than the one set forth by the Ninth Circuit in <u>Jackson v. Roe</u>, the district court reasoned it would defeat the purpose of exhaustion if a petitioner's "lack of knowledge" could establish "good cause" because "any petitioner could claim lack of knowledge" as a reason for failure to exhaust. <u>Id.</u> at 3.

However, other courts have applied a more lenient standard. For example, a magistrate judge in <u>Webb v. Pliler</u>, No. SO50291D-FLG-GHP, 2006 WL 191944 (E.D. Cal. Jan. 24, 2006), recommended a stay where a *pro se* petitioner made efforts to timely exhaust and erroneously believed all of his claims were exhausted when he filed his federal petition. <u>Id.</u> at 4. In support of its recommendation, the court stated as follows: "In the absence of patent facts which warrant a dismissal of the unexhausted claim, the undersigned will not resolve the merits of the petition, or a potential defense, in determining the threshold issue of good cause for an exhaustion stay. Rather, *for a satisfactory showing of good cause*, the court will simply require a prima facie cause that a justifiable, legitimate reason exists which warrants the delay of federal proceedings while exhaustion occurs. <u>Id.</u> (emphasis added.) <u>See</u> <u>also</u> <u>Lugo v. Kirkland</u>, No. C 05-0580 JF, 2006 WL 449130, at 3-4 (N.D. Cal. Feb. 22, 2006); <u>Briscoe v. Scribner</u>, No. CIVS04-2175F-CDG-GHP, 2005 WL 3500499, at 2 (E.D. Cal. Dec. 21, 2005).

No such "satisfactory showing" of good cause has been made here. To distinguish, Petitioner in <u>Webb</u> erroneously believed all of his claims were exhausted when he filed his federal Petition. It is evident the Court in <u>Webb</u> concluded Petitioner's erroneous belief was merited if good cause was found on that basis. In the instant case, Petition was not proceeding under such a belief when he filed his federal petition. He knew that five of the eight claims set forth in his federal petition were unexhausted when he filed the petition in June of 2008. Moreover, he waited an additional 60 days to file a successive habeas petition in the California Supreme Court when he had the intention of doing so before his federal petition was even filed. The intent to file a successive petition in state court is evidenced by his attempt to file a "supplement to petition" in January of 2008. Without more, this Court cannot find good cause to stay the proceedings.

In other contexts, the Ninth Circuit has held "good cause" requires a showing of

1 | diligence. <u>Zivkovic v. Southern California Edison Co.</u>, 302 F.3d 1080, 1087-1088 (9th Cir. 2002). "[C]arelessness is not compatible with a finding of diligence and offers no reason for a grant of relief." <u>Johnson v. Mammoth Recreations, Inc.</u>, 975 F.2d 604, 609 (9th Cir.1992) citing <u>Engleson v. Burlington Northern R.R. Co.</u>, 972 F.2d 1038, 1043 (9th Cir.1992). Ignorance of the law and inadvertent failure to calendar a deadline have also been found incompatible with diligence and good cause. <u>Townsel v. Contra Costa County</u>, 820 F.2d 319, 320-321 (9th Cir.1987); <u>Wei v. State of Hawaii</u>, 763 F.2d 370, 372 (9th Cir.1985).

As such, the "good cause" standard set forth in the Supreme Court's decision in <u>Rhines</u> requires, at the very least, a showing of diligence in exhausting claims in state court. Here, as respondent points out, petitioner does not explain why he did not file his second Petition immediately after his first Petition was denied in March of 2008. Going back further, Petitioner also does not explain why he waited over nine months after the conclusion of his direct appeal in 2002 to file his habeas petition in state court. Thus far, the information before the Court appears to suggest a lack of diligence on the part of Petitioner prior to filing his federal Petition in this court and even following the filing of the federal Petition. A review of the unexhausted claims indicates they are based on information which was available to petitioner at the time his conviction became final. Based on the information presented, it appears petitioner waited until three months before the one-year statute of limitations period was about to run before he filed a habeas petition in state court and then, following the termination of collateral review in state court, waited an additional five months before he attempted to exhaust the remainder of his claims in the state court system.

Petitioner, through the record in its current state, has not established good cause for failure to present the unexhausted claims to the California Supreme Court before filing this habeas action. As a result, Petitioner has not fulfilled the requirements for staying these proceedings as required by the Supreme Court's decision in <u>Rhines</u>. It is therefore recommended the District Court deny Petitioner's Motion to Stay and Abey the pending Petition.

//

## III.

## CONCLUSION

The Court submits this Report and Recommendation to United States District Judge Jeffrey T. Miller under 28 U.S.C. § 636(b)(1) and Local Civil Rule 72.1(c)(1)(c) of the United States District Court for the Southern District of California. For the reasons outlined above, **IT IS HEREBY RECOMMENDED** that the Court issue an Order: (1) approving and adopting this Report and Recommendation, and (2) directing that Judgment be entered DENYING Petitioner's Motion to Stay and Abey Petition. If this Recommendation is adopted, **IT IS ALSO RECOMMENDED** the District Court allow Petitioner to delete his unexhausted claims and to proceed with his exhausted claims.

**IT IS ORDERED** that no later than **February 19, 2009** any party to this action may file written objections with the Court and serve a copy on all parties. The document should be captioned "Objections to Report and Recommendation."

**IT IS FURTHER ORDERED** that any reply to the objections shall be filed with the Court and served on all parties no later than **March 5, 2009**. The parties are advised that failure to file objections within the specified time may waive the right to raise those objections on appeal of the Court's order. See Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d 1153, 1156 (9th Cir. 1991).

**IT IS SO ORDERED.**

DATED: January 29, 2009

Peter C. Lewis
U.S. Magistrate Judge
United States District Court

cc: The Honorable Jeffrey T. Miller
All Parties and Counsel of Record