UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LARRY JOHN LITTLE, JR.,<br><br>          Petitioner,<br>v.<br><br>D. K. SISTO, Warden,<br><br>          Respondent. | CASE NO. 08 CV 1043 JM (PCL)<br><br>**ORDER ADOPTING REPORT AND RECOMMENDATION AS MODIFIED AND GRANTING MOTION TO STAY AS MOOT**<br><br>Doc. Nos. 10 and 15 |

Petitioner Larry John Little, Jr. ("Petitioner"), a state prisoner proceeding *pro se* and *in forma pauperis*, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. (Doc. No. 1, "Pet.") On June 27, 2008, the court issued an "Options Order," informing Petitioner certain claims in his petition were unexhausted and suggesting four suitable courses of action. (Doc. No. 5.) Petitioner chose to move to stay the federal proceeding while he returned to state court to exhaust his unexhausted claims. (Doc. No. 10.) Respondent submitted an Opposition to the motion (Doc. No. 12) and Petitioner filed a Reply (Doc. No. 14). On January 29, 2009, Magistrate Judge Peter C. Lewis issued a Report and Recommendations advising the court to deny Petitioner's motion. (Doc. No. 15, "R&R.") Petitioner filed objections to the R&R on March 19, 2009. (Doc. No. 18.) Upon review of all the relevant documents and applicable authorities, the court **ADOPTS** the Report and Recommendation **AS MODIFIED HEREIN** and **GRANTS** the motion to stay.

//

## I. Background

Petitioner was convicted by jury on May 3, 2000 for second degree murder and was sentenced to a custodial term of 18 years to life. (Pet. at 1.) The California Court of Appeal affirmed the judgment on October 10, 2001. (Pet., Exh. D.) Petitioner submitted a Petition for Review to the California Supreme Court, which was denied on December 19, 2001. (Doc. No. 19.)

Petitioner, acting *in propia persona*, initiated state court habeas proceedings in the superior court through a petition signed on December 10, 2001 and received by the court on December 27, 2002. (Lodg. 1; In re Little, No. D047468, 2008 WL 142832 at *3 (Cal. Ct. App. Jan. 16, 2008.) While Petitioner presented various constitutional claims, the court issued an order to show cause on only one: Petitioner's claim he was denied his constitutional right to effective assistance of counsel when trial counsel failed to investigate or raise a defense of imperfect self-defense based on post-traumatic stress syndrome ("PTSD"). (In re Little, 2008 WL 142832 at *3.) Petitioner was appointed counsel only for this issue and, following an evidentiary hearing, the court denied the petition. (Id.)

Petitioner subsequently filed a petition for writ of habeas corpus in the Court of Appeal, asserting denial of constitutional right to effective assistance of trial counsel for failure to investigate the PTSD defense (as described above), to investigate the facts of the case, to interview or subpoena various witnesses, to present certain state-of-mind evidence, to impeach key adverse witnesses, to request an involuntary manslaughter instruction, and to object to certain witness testimony. (Id. at *4 n. 4.) In addition, the petition included ineffective assistance of appellate counsel claims for counsel's failure to file a complete prior petition, to move to correct by the Court of Appeal regarding instructions to the jury, and to argue the trial court errors violated the Constitution. Finally, Petitioner argued he was denied due process when the trial court did not instruct the jury *sua sponte* to take his physical impairment into account when assessing reasonableness, in accordance with CALJIC No. 3.37. (Id. at *4, n. 3.) Once again, Petitioner was appointed counsel only with respect to the PTSD issue. On January 16, 2008, after receiving supplemental briefs and supporting evidence, the Court of Appeal issued a reasoned opinion concluding Petitioner's right to effective assistance of counsel had not been violated. (Id. at *20.) The court expressly declined to engage in any substantive discussion of Petitioner's other constitutional contentions and summarily denied those claims. (Id.)

On January 24, 2008, without informing Petitioner of the Court of Appeal's denial, Petitioner's counsel filed a petition for review in the California Supreme Court addressing only the PTSD issue for which she had been appointed. (Pet., Exh. H; Doc. No. 14, Exh. C.) Petitioner first learned his Court of Appeal writ had been denied and the remaining constitutional claims had not been submitted to the state supreme court when he received a letter from his appointed counsel sometime after January 23, 2008. (Doc. No. 14 at 5-6, Exh. B.) He attempted to supplement the pending petition as quickly as possible, but the intended supplement was rejected by the California Supreme Court on February 21, 2008. (Pet., Exh. H.) The pending petition itself was denied on March 12, 2008. (Lodg. 2.) Petitioner then prepared his federal habeas petition, which was sent June 7, 2008 and received by this court on June 12, 2008. (Pet. at 12.) Petitioner received notice of unexhausted claims through the court's "Options Order," filed his motion to stay, and then filed a second habeas petition in the state supreme court to effect exhaustion of the remaining claims. (Lodg. 3.) Petitioner's latest state petition, filed August 10, 2008, was denied by the California Supreme Court on February 11, 2009. (Doc. No. 18, Exh. B.)

**II. Exhaustion of State Remedies**

Petitioner presents eight claims in his federal petition. In claims 1-3, Petitioner alleges ineffective assistance of trial counsel based generally on a failure to investigate or present a mental illness defense. In claim 4, Petitioner raises an ineffective assistance of appellate counsel argument. Claims 5-8 allege violations of Petitioner's rights to due process and a fair trial based on purported instructional errors at trial. The Options Order concluded Petitioner had not raised the <u>federal</u> aspect of the instructional error claims nor his ineffective assistance of appellate counsel claim before the California Supreme Court. Petitioner concedes this assertion. Respondent contends Claim 3 is also unexhausted, but tables this argument for a potential future motion to dismiss. (Doc. No. 12 at 3 n.2.) Because the parties have not lodged a copy of Petitioner's first habeas petition to the California Supreme Court, the court is unable to address the issue at this time.[1]

---

[1] The R&R suggests claims 1-3 are exhausted, citing Petitioner's Petition for Writ of Habeas Corpus filed in the California Supreme Court (Lodgment 3). However, the court notes Lodgment 3 is Petitioner's second such petition (filed August 10, 2008 to effect exhaustion), not the first one (filed January 24, 2008).

**III.  AEDPA Statute of Limitations**

The R&R appears to have concluded, without argument by Respondent, that Petitioner's entire federal filing is time-barred by the applicable statute of limitations under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). (R&R at 4.) Upon a review of the record, the court disagrees with this determination.

Pursuant to 28 U.S.C. § 2244(d)(1), a state prisoner seeking habeas relief must comply with a one-year statute of limitations. In Petitioner's case, the limitations period began to run from "the date on which the judgment became final by the conclusion of direct review." 28 U.S.C. § 2244(d)(1)(A). The California Supreme Court denied review on December 19, 2001 and that decision became final 90 days thereafter, on March 19, 2002.[2] See Bowen v. Roe, 188 F.3d 1157, 1159 (9th Cir. 1999) (holding the AEDPA limitations period begins to run when the ninety-day period for filing a petition for writ of certiorari from the U.S. Supreme Court expires). Without tolling, the statute of limitations would have expired on March 19, 2003.

Petitioner is entitled to statutory tolling for the period during which a properly filed applicable for collateral review was pending. See 28 U.S.C. § 2244(d)(2). Petitioner filed his initial habeas petition in Superior Court on December 27, 2002 and his collateral review was completed in the state supreme court on March 12, 2008. Between the end of his direct review and the initiation of his collateral attack, at most 278 days of the limitations period elapsed.[3] Petitioner's federal petition was received June 12, 2008, but it appears he may be entitled to an earlier filing date based on the "prison mailbox rule." Houston v. Lack, 487 U.S. 266, 276 (1988); Saffold v. Newland, 250 F.3d 1262, 1268 (9th Cir. 2000), cert. granted, 534 U.S. 971 (2001)(holding the prison mailbox rule applies to prisoners filing habeas petitions in both federal and state courts). In his petition, signed under penalty of

---

[2] In his objections, Petitioner argues the state supreme court decisions became final on the dates the remittiturs of record were docketed by the state appellate court. (Doc. No. 18 at 5-6.) However, a remittitur merely documents the return of the record back to the appellate court and has no effect on the final decision date.

[3] Petitioner signed his initial state habeas petition on December 10, 2002. Although the petition lacks any express statement regarding a mailing date, the petition is signed under penalty of perjury. Thus, it appears Petitioner may be entitled to tolling for the additional period of December 10 to December 27 based on the "prison mailbox rule." Based on the December 10, 2002 date, only 201 days of the limitations time expired during this period.

1  perjury, Petitioner asserts he mailed the petition to this court (or handed it to a corrections officer for
2  that purpose) on June 7, 2008.  Absent evidence to the contrary, the court adopts June 7, 2008 as the
3  operative date for filing of the federal petition.  Houston, 487 U.S. at 276 (holding a prisoner's notice
4  of appeal is deemed "filed at the time [he] deliver[s] it to the prison authorities for forwarding to the
5  court clerk").  The additional time elapsed between the end of Petitioner's collateral attack and his
6  federal filing is 87 days.  The sum total is exactly 365 days, or one year.  Thus, even without equitable
7  tolling, Petitioner's exhausted claims were timely filed.

8  In contrast, Petitioner exceeded the statute of limitations on his unexhausted claims by virtue
9  of the additional 64-day delay between his June 7, 2008 federal filing and his second submission to
10 the California Supreme Court on August 10, 2008.[4]  For the previously unexhausted claims to survive,
11 Petitioner must show he is entitled to equitable tolling of the statute of limitations or that an
12 amendment to include those claims is proper.

13 Equitable tolling is "unavailable in most cases" but is appropriate where a habeas petitioner
14 demonstrates "he has been pursuing his rights diligently, and...some extraordinary circumstance stood
15 in his way."  Miles v. Prunty, 187 F.3d 1104, 1107 (9th Cir. 1999); Pace v. DiGuglielmo, 544 U.S.
16 408, 418 (2005).  Respondent avers Petitioner is not entitled to equitable tolling because the
17 supplemental petition he attempted to file with the California Supreme Court was not "properly filed."
18 (Doc. No. 12 at 7.)  Respondent's argument actually goes to a calculation of *statutory* tolling and is
19 irrelevant to an equitable tolling determination.  In any case, Petitioner does not rely on his "unfiled
20 supplemental petition" for tolling purposes because the petition filed by his appointed counsel was
21 pending during the same period of time.  On the other hand, Petitioner sets forth a detailed factual
22 account of his efforts to effect review of his claims at the state and federal levels.  Because the court
23 concludes Petitioner may properly amend his petition to include claims 4-8, the court declines to rule
24 on the issue of Petitioner's entitlement to equitable tolling.

25 //
26 //
27

28  [4]As before, for the purposes of this order, the court assumes Petitioner's documents were "filed" on the date he signed them rather than the date they were received by the court.

**IV. Motion to Stay**

A district court has discretion to stay and abey a mixed federal habeas petition – one containing both exhausted and unexhausted claims – if the petitioner had good cause for failing to exhaust the unexhausted claims earlier. <u>Rhines v. Weber</u>, 544 U.S. 269, 276 (2005). The Supreme Court noted that the stay-and-abeyance procedure "should be available only in limited circumstances" and is appropriate only upon a finding of good cause for failure to exhaust. <u>Id.</u> at 277; <u>Jackson v. Roe</u>, 425 F.3d 654, 660 (9th Cir. 2005). The district court must make this determination consistent with AEDPA's twin purposes of (1) "'reduc[ing] delays in the execution of state and federal criminal sentences,'" and (2) requiring prisoners to seek state relief first, thereby "streamlining federal habeas proceedings." <u>Rhines</u>, 544 U.S. at 276-77 (citation omitted). The Supreme Court concluded that frequent use of the stay-and-abeyance procedure would undermine these purposes. The procedure therefore should only be available where: (1) the district court finds good cause for failure to exhaust earlier; (2) the unexhausted claims are not meritless; and (3) the petitioner acts with reasonable diligence to exhaust the unexhausted claims. <u>Id.</u> at 277-78.

Respondent makes no substantive argument but states in conclusory fashion, "Petitioner has not set forth good cause why he did not previously exhaust the five claims at issue." (Doc. No. 12 at 9.) The R&R drew the same conclusion on the "good cause" prong but did not address the other two facets of the <u>Rhines</u> test. In light of the history of this case and the additional information provided by Petitioner in his objections, the court disagrees with the conclusions of the R&R.

*1. Good Cause and Diligence*

The Ninth Circuit has endorsed a lenient "good cause" standard, holding the standard to be less stringent than the "extraordinary circumstances" standard applied to equitable tolling. <u>Jackson</u>, 425 at 661-62. The R&R concludes Petitioner has failed to demonstrate good cause for and diligence during the five-month delay between the California Supreme Court denial of his first petition and his submission of the unexhausted claims to that court in a second petition on August 10, 2008. (Lodg. 3; R&R at 6-7.) To reach this result, the R&R "assume[s] that Petitioner had knowledge of the fact that he had unexhausted claims prior to the California Supreme Court's decision date of March 12, 2008." (R&R at 7.) Petitioner's objections adequately counter this assumption.

Unbeknownst to Petitioner, when his court-appointed attorney filed his first state supreme court petition in January 2008, she removed all previously-presented claims other than the one for which she represented him. Within a couple of weeks of learning the additional claims had been omitted, he sent in a supplement to the petition. The California Supreme Court rejected the supplement by letter on February 21, 2008. Petitioner now informs the court he misinterpreted that letter and instead assumed that "because the court received the supplement to writ" and had responded to it, the claims were then, in fact, exhausted. (Doc. No. 18 at 8, Exh. C.) Petitioner argues he did not realize the claims remained unexhausted until he received the district court's "Options Order" by mail on July 3, 2008. (Id.) Petitioner prepared and filed his Motion to Stay by August 4, 2008, and submitted his second petition to the state supreme court on August 12, 2008.

Under these circumstances, and after reviewing the authorities cited in the R&R on this issue, the court concludes Petitioner has made a sufficient showing of "good cause" for the delay in filing his second state supreme court petition and exercised reasonable diligence in pursuing exhaustion of his claims.

### 2. *Merits of the Unexhausted Claims*

Although Respondent has not alleged the unexhausted are substantively meritless and the R&R did not address this issue, the court notes granting Petitioner's motion to stay would be futile if this court ultimately lacked authority to review the claims at issue. Petitioner concedes the California Supreme Court determined the claims he presented in his second petition were "procedurally barred." (Doc. No. 18 at 7, Exh. B.) Under the procedural default doctrine, where a state court declined to address a prisoner's federal claims because of the violation of a state procedural requirement, federal courts lack jurisdiction to review those federal claims. Coleman v. Thompson, 501 U.S. 722, 729-30 (1991), cert. denied, 520 U.S. 1204 (1997). However, a state court procedural bar does not necessarily mandate application of the procedural default doctrine. A district court has "discretion to raise the issue of procedural default *sua sponte*" to further the interests of comity, federalism, and judicial efficiency where the default is clear from the record. Boyd v. Thompson, 147 F.3d 1124, 1128 (9th Cir. 1998)(holding where procedural default is obvious on the face of the petition, a district court may engage in *sua sponte* review after giving petitioner notice and an opportunity to respond). Application

of the procedural default doctrine is not clear in the present case and Respondent therefore bears the burden of pleading and proving such an affirmative defense. See Bennett v. Mueller, 322 F.3d 573, 585-86 (9th Cir. 2003)(concluding "the ultimate burden of proving the adequacy of the California state bar is upon" the government). Based on the record at this stage, the court cannot conclude the claims are meritless.

Based on the foregoing, the court **GRANTS** Petitioner's motion to stay. However, during the pendency of this motion, Petitioner has effected exhaustion of his remaining claims in the California Supreme Court. Therefore, while the stay applied until exhaustion was complete, it is now lifted. The only issue remaining is whether newly exhausted claims 4-8 are properly considered as part of the petition.

**V. Amendment of the Petition and Relation Back Doctrine**

Respondent argues an amendment of the original petition to include the unexhausted claims would be improper because the claims do not relate back to the exhausted ones. In particular, Respondent offers Petitioner's unexhausted claims are time-barred by the applicable statute of limitations and do not arise "out of the conduct, transaction, or occurrence set out" presented in the original pleading. Fed. R. Civ. P. 15(c)(1)-(2). As set forth above, the court agrees the previously unexhausted claims are time-barred absent equitable tolling. On Respondent's substantive argument, unaddressed in the R&R, the court strongly disagrees. The claims at issue were part of the original petition, so they clearly "relate back" to the facts "set out—or attempted to be set out" in that filing. Fed. R. Civ. P. 15(c)(2). Cf. Mayle v. Felix, 545 U.S. 644, 656-67 (2005) (addressing relation back of a new claim based on facts not included as part of original petition). Moreover, in relying on Rule 15(c), Respondent has overlooked the procedural posture of this case.

Filing of an amended petition is permitted without leave of court where, as here, it occurs prior to the filing of a responsive pleading to an original petition. See Rule 11 of the Rules Governing §2254 Cases in the United States District Courts (authorizing application of Federal Rules of Civil Procedure where not inconsistent with §2254 Rules); Fed. R. Civ. P. 15(a) (establishing right to file one amended pleading without leave of court prior to filing of responsive pleading). Since no responsive pleading has been filed in this case, Petitioner's right to amend without leave of court has

been preserved.

## V. Conclusion

For the reasons set forth above, the court **ADOPTS** the Report and Recommendation **AS MODIFIED HEREIN** (Doc. No. 15) and **GRANTS** the motion to stay (Doc. No. 10). Because Petitioner's state court remedies have been exhausted during the pendency of this motion, the court now deems the originally petition as operative in its entirety. (Doc. No. 1.) The court anticipates a scheduling order requiring a response to the petition will issue forthwith from Magistrate Judge Peter C. Lewis.

**IT IS SO ORDERED.**

DATED: March 30, 2009

Hon. Jeffrey T. Miller
United States District Judge